| | |
|---|---|
| ARAPAHOE COUNTY DISTRICT COURT, COLORADO<br>7325 S. Potomac Street<br>Centennial, CO 80112 | |
| Plaintiff: CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. BCM11548<br><br>v.<br><br>Defendant: AMERICAN FAMILY MUTUAL INSURANCE COMPANY | ▲ COURT USE ONLY |
| Patrick Q. Hustead, Esq.<br>Melissa W. Shisler, Esq.<br>THE HUSTEAD LAW FIRM, *A Professional Corporation*<br>4643 S. Ulster Street, Suite 1250, Denver, CO 80237<br>Telephone: 303-721-5000<br>Hustead Atty. Reg. No.: 16905<br>Shisler Atty. Reg. No: 27537 | Case No.<br><br>Div. No. |
| **COMPLAINT** | |

Plaintiff, Certain Underwriters at Lloyd's, London ("Underwriters"), by and through their undersigned counsel, the Hustead Law Firm, A Professional Corporation, submit the following Complaint against Defendant American Family Mutual Insurance Company ("Defendant" or "American Family") as follows:

## I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Underwriters are various syndicates at Lloyd's, London engaged in the business of underwriting insurance recognized as an entity under Colorado law and authorized to write insurance in the State of Colorado.

2. Defendant American Family is an insurance company authorized to transact business in the State of Colorado with an address of 9510 Meridian Boulevard, Englewood, Colorado 80112.

3. This Court has jurisdiction over the parties and subject matter jurisdiction of this Complaint because the Plaintiff seeks monetary damages from the Defendant in excess of the jurisdictional threshold and in an amount to be proven at trial. In addition, the Court has jurisdiction pursuant to C.R.C.P. 57 and C.R.S. § 13-51-101, *et seq.*, which provide for the filing of declaratory relief.

4.	Venue is proper pursuant to C.R.C.P. 98 because the Defendant resides in Arapahoe County.

5.	Plaintiff Underwriters request that the Court advance this matter on the calendar for a speedy resolution pursuant to C.R.C.P. 57(m).

## II.	GENERAL ALLEGATIONS

6.	Plaintiff Underwriters issued a commercial property insurance policy to Washington Park Townhouse Association, with a policy number of BCM11548 and a policy period of October 1, 2004 to October 1, 2005 (the "Underwriters Policy"), covering a condominium building with an address of 151 Columbine Circle, in Avon, Colorado.

7.	A true and correct copy of the Underwriters Policy is attached hereto as Exhibit 1.

8.	Defendant American Family also issued a business owners insurance policy to Washington Park Swim & Tennis Townhome Association with a policy number of 05XH303501, and with a policy period of July 1, 2005 to July 1, 2006 (the "American Family Policy").

9.	The American Family Policy includes a condominium building with an address of 151 Columbine Circle, in Avon, Colorado in its Declarations.

10.	A true and correct copy of the American Family Policy is attached hereto as Exhibit 2.

11.	On or about July 3, 2005, a fire occurred in a four-plex townhome building with an address of 151 Columbine Circle, in Avon, Colorado.

12.	As a result of the fire at its building with an address of 151 Columbine Circle, the Washington Park Townhouse Association, a/k/a Washington Park Swim & Tennis Townhome Association ("Washington Park") sustained property damage.

13.	At the time of the fire on July 3, 2005, Washington Park had policies through Underwriters and American Family covering the same building, 151 Columbine Circle, which was damaged in the fire.

14.	Underwriters paid its Assured, Washington Park, for a portion of the property damage it sustained as a result of the July 3, 2005 fire, in an amount to be proven at trial.

15.	Underwriters asked American Family to contribute toward the loss of the parties' mutual insured, Washington Park.

2

16. American Family refused to cover the loss caused by the July 3, 2005 fire.

17. American Family denied any responsibility to cover the loss caused by the July 3, 2005 fire.

18. American Family claimed it had no obligation to cover the loss because its policy provided only excess coverage over the Underwriters Policy.

19. The language upon which American Family relied in support of its argument that its Policy provided only excess coverage for the July 3, 2005 fire provides in pertinent part:

> **H.   Other Insurance**
>
> **1.** If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of **Section I – Property.**

*See* Exhibit 2, American Family Policy (form BP 00 03 07 02) at pp. 31-32 of 32.

20. The language of the Underwriters Policy which is pertinent to the issue of American Family's coverage position provides:

> **G.   OTHER INSURANCE**
>
> **1.** You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits Of Insurance of all insurance covering on the same basis.
>
> **2.** If there is other insurance covering the same loss or damage, other than that described in **1.** above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

3

*See* Exhibit 1, Underwriters policy (form CP 00 90 07 88) at p. 1 of 1.

21.  The above excess other insurance clauses from the American Family Policy and the Underwriters Policy conflict.

22.  As a result of the conflicting language in the American Family Policy and the Underwriters Policy, neither carrier may rely on its "excess" coverage provision and each carrier is obligated to pay a portion of the loss.

23.  Accordingly, American Family wrongfully refused to cover the loss arising out of the July 3, 2005 fire and is obligated to reimburse Underwriters for at least one-half of the amount Underwriters paid to the parties' mutual insured, Washington Park.

### III.  FIRST CLAIM FOR RELIEF
(Declaratory Judgment)

24.  Underwriters reallege and incorporate herein by this reference the allegations contained in paragraphs 1-23 as though fully set forth herein.

25.  A dispute has arisen between and among Underwriters and the Defendant with respect to the nature and extent of the insurance coverage obligations of American Family for the July 3, 2005 fire at the Washington Park Townhomes.

26.  As a result of American Family's wrongful denial of coverage, Underwriters made a payment to the insured which included an amount which was covered by the American Family Policy and which should have been paid by American Family.

27.  For reasons including, but not limited to, those set forth in paragraphs 21 through 23 above, and based on the language quoted in paragraphs 19 and 20 above, Underwriters are entitled to a declaratory judgment that American Family must provide and/or should have provided coverage for the damage resulting from the July 3, 2005 fire and must reimburse Underwriters for at least one-half of the amount they paid the parties' mutual insured for the loss caused by the July 3, 2005 fire.

### IV.  SECOND CLAIM FOR RELIEF
(Equitable Subrogation)

28.  Underwriters reallege and incorporate herein by this reference the allegations contained in paragraphs 1-27 as though fully set forth herein.

29.  Washington Park was entitled to coverage from American Family for the property damage caused by the July 3, 2005 fire.

4

30. American Family wrongfully refused to provide any coverage for the July 3, 2005 fire, claiming its coverage was excess to the Underwriters Policy.

31. Underwriters made a payment to Washington Park as a result of the property damage caused by the July 3, 2005 fire, in an amount to be proven at trial.

32. American Family should have contributed at least one-half toward the payment Underwriters made to Washington Park.

33. Pursuant to the Underwriters Policy, Plaintiff Underwriters are equitably subrogated to Washington Park's rights against American Family for the benefits American Family should have provided in accordance with American Family's Policy with Washington Park.

34. Underwriters are entitled to reimbursement of at least one-half of the payment they made to Washington Park for the July 3, 2005 fire.

WHEREFORE, Plaintiff makes the following prayers for relief:

A. That this Court enter a judgment declaring that American Family's Policy covers the loss caused by the July 3, 2005 fire;

B. That the Court enter a money judgment against American Family and in favor of Underwriters for at least one-half of the payment made by Underwriters to Washington Park as a result of American Family's wrongful denial of coverage; and

C. That the requested judgment include statutory interest pursuant to C.R.S. § 5-12-102, together with costs and for such other and further relief as the Court may deem proper.

Dated this 15th day of August, 2006.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*/s/ Melissa W. Shisler*

Patrick Q. Hustead, Esq.
Melissa W. Shisler, Esq.

**Attorneys for Plaintiff Certain Underwriters at Lloyd's, London, Subscribing to Policy No. BCM11548**

5

Address of Plaintiff
55 Bishops Gate
London, England  EC2N 3AS