IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01767-MSK-MJW

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO
  POLICY NO. BCM11548,

       Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

       Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on cross-motions for summary judgment, particularly Plaintiff's Motion for Partial Summary Judgment **(#12)**, to which the Defendant responded **(#15)** and the Plaintiff replied **(#17),** and Defendant's Motion for Summary Judgment **(#13),** to which the Plaintiff responded **(#16)** and the Defendant replied **(#18).** Having considered the same, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

### II. Issue Presented

The Plaintiff is Certain Underwriters[1] at Lloyd's London, Subscribing to Policy No. BCM11548 (hereinafter, "Lloyd's London"). Its claims in this lawsuit arise from a policy of

---

[1] Although this title suggests more than one person or entity, it has been denominated as a single party to the underlying insurance contract and in this litigation.

insurance it provided to the Washington Park Townhouse Association.

The Defendant is American Family Mutual Insurance Company (hereinafter, "American Family"). American Family issued a policy of insurance to the Washington Park Swim & Tennis Townhome Association.

Although the named insured in each policy is different, the parties agree that the insured under each policy is the same. Each party asserts claims or defenses as the subrogee of their insured.

Both policies insured against fire damage to a condominium building located in Avon, Colorado. A fire occurred at the property when both policies were in effect. The parties agree that the fire was a covered loss under both policies. They disagree, however, as to whether American Family has a current obligation to pay for the loss.

Lloyd's London contends that both insurers have an obligation to pay for the loss on a *pro rata* basis.[2] However, American Family contends that the Lloyd's London policy provides primary coverage, and the American Family policy provides excess coverage. Thus, American Family contends that it has no obligation to pay for the loss until the benefits provided by the Lloyd's London policy are exhausted.[3]

To address this narrow issue, the parties have filed cross-motions for summary judgment. Ordinarily, the Court would determine such motions independently. *See Atlantic Richfield Co. v.*

---

[2] To this effect, it asserts claims for declaratory relief and equitable subrogation.

[3] The parties presented no evidence as to the number of buildings damaged in the fire or the actual amounts paid by Lloyd's London to the insured. However, the parties apparently agree that only a single condominium building was damaged by fire.

2

*Farm Credit Bank of Wichita,* 226 F.3d 1138, 1148 (10th Cir. 2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). This is because "determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a *prima facie* case or to establish a genuine dispute as to material fact[.]" *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F. Supp. 2d 1106, 1112 (D. Colo. 2002).

However, it is evident from the parties' motions that there are no facts in dispute. Indeed, the evidence submitted by Lloyd's London with its motion is, with one minor exception,[4] identical to the evidence submitted by American Family. The parties do not disagree as to the pertinent facts. The issue presented is one of legal interpretation of the Lloyd's London insurance policy. Thus, the Court construes their motions as a joint motion for a determination of law based upon stipulated facts and evidence, rather than as cross-motions for summary judgment.

### III.  Material Undisputed Facts

1. Lloyd's London and American Family each issued a policy of insurance which insured against fire damage to a condominium building located in Avon, Colorado. The insured under each policy is the same.

2. While both policies were in effect, the condominium building was damaged by fire.

3. Lloyd's London paid for the entire loss, and asked American Family to pay for the loss on a *pro rata* basis.

---

[4] The only evidence which Lloyd's London submitted, and American Family did not, is a letter sent to Lloyd's London by American Family explaining why American Family would not pay the claim.

3

4. American Family refused to pay for the loss on the basis that its coverage is excess, and due to its belief that the Lloyd's London policy provides primary coverage. American Family premised such refusal upon the presence of a *pro rata* clause in the Lloyd's London policy, and the absence of such a clause in the American Family policy.

5. The Lloyd's London policy contains a *pro rata* clause, which states:

> You may have other insurance subject to the same plan, terms, conditions and provisions as the insurance under this Coverage Part. If you do, we will pay our share of the Covered loss or damage. Our share is the proportion that the applicable Limit of Insurance under this Coverage Part bears to the Limits Of Insurance of all insurance covering on the same basis.

6. The Lloyd's London policy also contains an excess insurance provision, which states:

> If there is other insurance covering the same loss or damage, other than that described in 1. [the *pro rata* clause] above, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance.

7. The American Family policy contains no *pro rata* clause, but instead contains an excess insurance provision, which states:

> If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section I - Property. . . .

8. Neither insurance policy specifies the law which is to be applied to its interpretation.

### IV. Analysis

The parties disagree as to whether American Family is obligated to pay for the loss on a *pro rata* basis. Lloyd's London contends that American Family has such obligation because:

(1) the *pro rata* clause in the Lloyd's London policy does not apply, which therefore requires application of the excess insurance clause; and (2) by operation of Colorado law, the excess insurance clause is mutually repugnant to American Family's excess insurance clause, which therefore requires American Family's payment of the claim on a *pro rata* basis.  American Family contends that: (1) the *pro rata* clause in the Lloyd's London applies; and (2) this makes Lloyd's London the primary insurer, and American Family the excess insurer.

In essence, the parties ask the Court to interpret the *pro rata* clause in the Lloyd's London policy, and to determine whether it applies.  The Lloyd's London policy does not specify what law should apply, but the parties agree that it is Colorado law which applies.

Under Colorado law, the Court interprets an insurance policy as it would any other contract.  *See Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003). The Court must strive to give effect to the intent and reasonable expectations of the parties to the contract (the insurer and the insured).  *See Thompson v. Maryland Cas. Co.*, 84 P.3d 496, 501 (Colo. 2004).  In this regard, the Court first determines whether the contract is ambiguous, *i.e.*, susceptible to more than one meaning.  *See Ballow v. PHICO Ins. Co.,* 875 P.2d 1354, 1359 (Colo.1993).  If it is ambiguous, then the Court must determine what the parties to the contract intended.  Whenever possible, such intent is discerned from the policy itself.  *See Bengtson v. USAA Property & Cas. Ins.,* 3 P.3d 1233, 1235 (Colo. App. 2000).  However, the Court may resort to extrinsic evidence to determine what the parties to the contract intended.  *See Cyprus Amax Minerals Co.*, 74 P.3d at 301-02.

If the contract is not ambiguous, then the Court enforces it according to its plain language. *See Mapes v. City Council of City of Walsenburg,* 151 P.3d 574 (Colo. App. 2006).  The Court

gives each word in the contract a plain and ordinary meaning, unless the contract evidences otherwise. *See Cyprus Amax Minerals Co.,* 74 P.3d at 299. The Court reads the contract as a whole and does not read its provisions in isolation. *See id.* The Court also liberally construes an insurance contract in order to provide for the broadest possible coverage. *See Fire Ins. Exch. v. Bentley*, 953 P.2d 1297, 1300 (Colo. App. 1998).

Before beginning the interpretation process, the Court deals with a side issue. American Family argues that no interpretation of the Lloyd's London contract should occur because case law requires that when one insurance policy has a *pro rata* clause, and the other has only an excess insurance clause, the policy containing the *pro rata* clause is deemed to be primary insurance. *See Fireman's Fund Ins. Co. v. Underwriters Ins. Co.*, 389 F.2d 767 (10th Cir. 1968); *Ins. Co. of North America v. American Home Assurance Co.*, 391 F. Supp. 1097 (D. Colo. 1975). This argument is unavailing for several reasons.

First, as is apparent by the Colorado law set forth above, each contract must be interpreted in order to give meaning to the parties' intent. Neither of the above opinions direct that this process should be short-circuited. At most, they offer demonstrations of what courts should do when applying the terms of two conflicting policies.

Second, the *pro rata* clauses interpreted in the cases relied upon by American Family are vastly different, and much broader, than the one at issue here. In *Fireman's Fund*, the *pro rata* clause stated:

> Other Insurance. If the Named Insured has **other insurance** against a loss covered by Part III of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all **valid and collectible insurance** against such loss. (Emphasis added).

Similarly, in *Ins. Co. of North America,* the *pro rata* clause provided:

> If the insured has **other insurance** against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all **valid and collectible insurance** against such loss[.] (Emphasis added).

In each of those cases, the court determined that the insurance policy containing only an excess insurance clause did not constitute "valid and collectible insurance" for purposes of the particular *pro rata* clause contained in another policy.

The *pro rata* clauses in *Fireman's Fund* and *Ins. Co. of North America* did not narrowly define "other insurance" to a specific category of insurance policies containing the same plan, terms, conditions and provisions. In addition, pro-ration could occur only with respect to "valid and collectible insurance." This clause alone drives the outcome in both cases. Insurance which became available only under an "excess" provision was not "valid and collectible insurance." *See Ins. Co. of North America*, 391 F. Supp. at 1100. By contrast, the Lloyd's London *pro rata* clause makes no reference to "valid and collectible insurance," and therefore the dispute is not subject to the analysis found in *Fireman's Fund* and *Ins. Co. of North America.*

Thus the Court turns to interpretation of the Lloyd's London policy. Having reviewed the policy in its entirety, the Court finds that the *pro rata* clause in the Lloyd's London policy is not ambiguous. According to its plain terms, when an insured has "other insurance subject to the same plan, terms, conditions and provisions under this Coverage Part," then Lloyd's London will not pay for the entire loss and instead will pay a *pro rata* share of the covered loss. Lloyd's London's "share is the proportion that the applicable Limit of Insurance under this Coverage Part

bears to the Limits Of Insurance of all insurance covering on the same basis." In other words, Lloyd's London's share is determined by comparing the Lloyd's London policy limit to the policy limit of "all insurance covering on the same basis." To be insurance "covering on the same basis," the other insurance must necessarily be "subject to the same plan, terms, conditions and provisions" as the Lloyd's London policy. Any other construction would read the phrase "covering on the same basis" out of the *pro rata* clause.

The parties dispute whether the two policies are sufficiently similar to be "subject to the same plan, terms, conditions and provisions". American Family contends that its policy is sufficiently similar to the Lloyd's London policy and therefore the *pro rata* clause applies. Lloyd's London contends that the American Family policy is not sufficiently similar and therefore the excess insurance clause applies. This is a legitimate dispute, but one that need not be resolved.

If as American Family argues, the *pro rata* clause applies, then Lloyd's London and American Family each have an obligation to pay for the loss, *pro rata*. However, if, as Lloyd's London argues, the *pro rata* clause does not apply, the excess provision in the Lloyd's London policy will apply. In the event that there are two policies, each with an excess provision, by operation of Colorado law, they are deemed repugnant, with each insurer being obligated to pay its *pro rata* share of the loss. *See Allstate Ins. Co. v. Frank B. Hall & Co. of California,* 770 P.2d 1342, 1345 (Colo. App. 1989). Thus, regardless of whether the *pro rata* clause in the Lloyd's London policy applies, the parties each are required to provide benefits on a *pro rata* basis.

**IT IS THEREFORE ORDERED** that the parties' motions for judgment on stipulated facts and evidence **(#12, #13)** are **GRANTED**. It is hereby declared that both the Plaintiff,

Lloyd's London, and the Defendant, American Family, are obligated to pay the claim of their mutual insured on a *pro rata* basis.

Dated this 10th day of September, 2007

**BY THE COURT:**

Marcia S. Krieger
United States District Judge